IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOHNATHAN WILLIAM BAFFORD,**

                **Plaintiff,**

     v.                                                 CASE NO.08-3095-SAC

**MEDICAL DIRECTOR MCNICKLE, et al.,**

                **Defendants.**

**O R D E R**

This matter is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by a prisoner while incarcerated in the Larned Correctional Mental Health Facility in Larned, Kansas.[1]  Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

*Motion for Leave to Proceed in Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action.  If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2).  As any funds advanced to the court by plaintiff or on his behalf must first be applied to

---

[1] The docket sheet reflects plaintiff's subsequent transfer to the Hutchinson Correctional Facility.

plaintiff's outstanding fee obligations,[2] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee.  Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

*28 U.S.C. § 1915A Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

Plaintiff claims he received inadequate medical care by EDCF Medical Director McNickle and EDCF Nurse Medford for a variety of medical issues, and claims the EDCF Warden and the Kansas Secretary of Corrections denied relief on plaintiff's grievances regarding the medical treatment provided.

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment by acting with "deliberate indifference to serious medical needs of prisoners."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To state an actionable constitutional claim, plaintiff must be able to demonstrate an

---

[2]*See* Bafford v. Nelson, D.Kan. Case No. 01-3224-GTV (remainder of $150.00 district court filing fee); Bafford v. Simmons, D.Kan. Case No. 02-3253-GTV ($150.00 district court filing fee); Bafford v. Simmons, 10th Cir. Appeal No. 04-3136 ($255.00 appellate filing fee); Bafford v. Pokorski, D.Kan. Case No. 07-3230-SAC ($350.00 district court filing fee); Bafford v. Hoshaw, Case No. 08-3092-SAC ($350.00 district court filing fee).

objectively serious medical condition in need of treatment, and each defendant's knowing disregard of is required to state an actionable claim. Allegations of negligent mistreatment by prison medical staff in diagnosing or treating a medical condition are insufficient to state a cognizable claim. Id. at 106.

In the present case, plaintiff documents his requests for treatment of a litany of medical complaints,[3] and cites being seen by medical staff who did not always address plaintiff's specific medical request, and who did not provide treatment similar to that dispense to other prisoners. Plaintiff states he was advised that sick calls would be restricted for a period of time no matter the issue being raised, and claims the warden and Secretary of Corrections refused to intervene when he filed an emergency grievance and appeal. Plaintiff also filed an unsuccessful claim with the Kansas Legislature seeking compensation for the alleged mistreatment of his health concerns. The administrative response filed in that action stated that plaintiff's legitimate health concerns were promptly and appropriately addressed and treated, that restrictions on plaintiff's access to medical care were necessary to address plaintiff's manipulative behavior, and that plaintiff was seen for medical issues during the restricted period.

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff

---

[3] The sick call requests in the record include requests for treatment for elbow and wrist pain, excessive ear wax, dry skin, dry scalp, toe fungus, and blurry vision. Plaintiff also requested treatment for chest pain and difficulty in breathing due to hot air and poor ventilation. Plaintiff maintains he should be seen within 24 hours of his sick call request being turned in, and wants second opinions from medical doctors.

3

must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970). Having reviewed the record, the court finds plaintiff's allegations are insufficient to state any such claim.

Plaintiff's allegations, even when taken as true and liberally construed in plaintiff's favor as the court must at this stage, are insufficient to establish that any defendant acted with deliberate indifference to any serious medical need of plaintiff. *See* <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Plaintiff's specific allegations of negligence and malpractice clearly state no cognizable claim of constitutional deprivation, <u>Estelle</u>, 429 at 106, and plaintiff alleges no substantial physical harm resulting from any delay in receiving requested medical treatment. *See* <u>White v. Colorado</u>, 82 F.3d 364, 366-67 (10th Cir. 1996)(delay in medical treatment does not constitute a constitutional violation unless it can be shown the delay resulted in substantial harm).

Additionally, the denial of relief on plaintiff's administrative grievance and appeal falls far short of establishing the personal participation required to state a cognizable claim under 42 U.S.C. § 1983 against the EDCF warden or KDOC Secretary. <u>Larson v. Meek</u>, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007)(unpublished opinion).

*Notice and Show Cause Order to Plaintiff*

Accordingly, for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as

stating no claim for relief.[4]  See 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior filing fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 4th day of September 2009 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[4]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. § 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."